IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD GRISSOM,

    Plaintiff,

    v.                                                  CASE NO. 19-3178-SAC

ANDREW J. PALM, et al.,

    Defendants.

## ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"), the events giving rise to his Complaint occurred during his incarceration at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). On December 13, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC"), granting Plaintiff until January 10, 2020, in which to show good cause why Count V against Defendants Link, Randolph and Fouss, should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

The Court found in the MOSC that Plaintiff's property claim is subject to dismissal. Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

1

Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege that an adequate post-deprivation remedy was unavailable. In fact, Plaintiff acknowledges in his Complaint that he has initiated a case in Reno County District Court seeking compensation for his destroyed property. (Doc. 1, at 18.) (Case No. 19-cv-40). Because an adequate, state post-deprivation remedy exists, the Court ordered Plaintiff to show cause why his claim in Count V against Defendants Link, Randolph and Fuoss, should not be dismissed for failure to state a claim. The Court also noted that any property claim would need to comply with the federal rules regarding joinder of parties and claims. *See* Fed. R. Civ. P. 18 and 20.

Plaintiff has failed to respond to the MOSC by the Court's deadline and has failed to show good cause why Count V should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Count V against Defendants Link, Randolph and Fouss, is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Defendant Link is **dismissed** from this action.

**IT IS SO ORDERED**.

**Dated January 22, 2020, in Topeka, Kansas.**

<u>S/ Sam A. Crow</u>
SAM A. CROW
SENIOR U. S. DISTRICT JUDGE