IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD GRISSOM,

    **Plaintiff,**

    v.                                    CASE NO. 19-3178-SAC

ANDREW J. PALM, et al.,

    **Defendants.**

## ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"), the events giving rise to his Complaint occurred during his incarceration at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). On December 13, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC"), directing the appropriate officials of EDCF to prepare and file a *Martinez* Report. This matter is before the Court on Plaintiff's Emergency Request for a Temporary Restraining Order (Doc. 13). Plaintiff seeks an order restraining staff at HCF from placing tight, regular-sized handcuffs on Plaintiff.

Plaintiff has not named staff at HCF as defendants in this action.[1] Rule 65, Federal Rules of Civil Procedure, provides that:

> **(d) Contents and Scope of Every Injunction and Restraining Order.**
> . . . .

---

[1] Plaintiff states in the motion that he is uncertain if he will amend his complaint to add new defendants based on the events set forth in the motion or if he will file a new complaint. (Doc. 13, at 4–5.)

1

> **(2) Persons Bound.** The order binds only the following who receive actual notice of it by personal service or otherwise:
>> **(A)** the parties;
>> **(B)** the parties' officers, agents, servants, employees, and attorneys; and
>> **(C)** other persons who are in active concert or participation with anyone described in Rule 65(d)(2)((A) or (B).

Fed. R. Civ. P. 65(d)(2). "[T]he rule encompasses an alter ego or someone who aids or abets the named party." *Lundahl v. Global E. LLC*, 643 F. App'x 752, 753 (10th Cir. 2016) (unpublished) (citation omitted).

Because Plaintiff has not named HCF staff as defendants nor alleged that they are in active concert with anyone described in Rule 65(d)(2)(A) or (B), the Court is without authority to restrain HCF staff. *See Thompson v. Mike*, Civil No. 17-00319 DKW-RLP, 2018 WL 2144145, at *2 (D. Haw. May 9, 2018) (finding court could not compel facility to accept plaintiff where neither facility nor its administrators were parties to the action) (citing *see also Zepeda v. United States Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) (recognizing that a court may issue an injunction only "if it has personal jurisdiction over the parties"); *Walker v. Varela*, 2013 WL 816177, at *2 (C.D. Cal. Mar. 1, 2013) (denying injunctive relief for lack of jurisdiction where only individual prison officials were parties and plaintiff sought an order compelling the state department overseeing prisons to move plaintiff to another prison facility)); *Bracamontes v. Moya*, Civil No. 10-2512 H(NLS), 2011 WL 128130, at *5 (S.D. Cal. Jan. 14, 2011) (denying injunctive relief where plaintiff alleged no facts from which the court could conclude that any prison official as CSP-LAC, where he is currently incarcerated, has acted "in active concert or participation" with prison officials at prior facility); *Powell v. Owens*, Civil Action No. 5:14-CV-87 (MTT), 2017 WL 385047, at n.1 (M.D. Ga. Jan. 27, 2017) (noting that court has no authority to enjoin prison where plaintiff failed to show it was a party, an agent of a party, or in active concert or participation with such).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Emergency Request for a Temporary Restraining Order (Doc. 13) is **denied.**

**IT IS SO ORDERED**.

**Dated April 14, 2020, in Topeka, Kansas.**

<u>S/ Sam A. Crow</u>
SAM A. CROW
SENIOR U. S. DISTRICT JUDGE