## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **RICHARD GRISSOM #33728** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 19-CV-3178-SAC** |
| **v.** | ) | |
| | ) | |
| **ANDREW J. PALM, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MARTINEZ REPORT

**COMES NOW**, the Kansas Department of Corrections (KDOC), by and through

undersigned counsel, as an Interested Party and in accordance with the Court's Order [Doc.

#8, filed December 13, 2019] submits the following Martinez Report as an aid to the Court

to assist in further screening the merits of Plaintiff's (Offender Grissom's) claims.  This

report is based upon official internal facility documentation and video recordings available

at the time of preparation.  KDOC reserves the right to seek leave to supplement this report

in the unlikely event additional evidence is discovered or becomes available.

**Introduction**

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil

rights complaint pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently

incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"), the

events giving rise to his Complaint occurred during his incarceration at the El Dorado

Correctional Facility in El Dorado, Kansas ("EDCF").  Plaintiff alleges excessive force

and retaliation stemming from an altercation with Defendant Palm on November 25, 2017.  Plaintiff also alleged a property claim, however, that claim and Defendant Link have been dismissed.

**Terminology**

- CO - Correctional Officer (I or II)

- CS - Corrections Supervisor (I, II, or III)

- DR - Disciplinary Report

- EAI - Enforcement and Apprehension Investigations

- EDCF - El Dorado Correctional Facility

- HCF - Hutchinson Correctional Facility

- KASPER - (Kansas Adult Supervised Population Electronic Repository) Information Sheet

- KDOC - Kansas Department of Corrections

- UTM - Unit Team Manager

- UOF - Use of Force

- UTS - Unit Team Supervisor

- SST – Special Security Team

- OSR-Other Security Risk

**Summary of Investigation**

A review of the relevant facility documentation and preserved video recordings, along with interviews of witnesses and persons knowledgeable about Plaintiff's claims

have been compiled, and now are submitted to the Court as Exhibits, either attached hereto or filed conventionally, and incorporated as if fully set forth herein.  Based upon the foregoing inquiry, the findings and conclusions are rendered below and cited to each supporting Exhibit.

## INDEX OF EXHIBITS

| Exhibit | Filed Under Seal | Description |
| --- | --- | --- |
| A | | KASPER Information Sheet |
| B | X | Use of Force |
| C | X | Video |
| D | | Disciplinary Report 17-11-426 |
| E | | Toads Notes |
| F | | Movement Log and Affidavit of Marcia Bos |
| G | | Administrative Segregation Records |
| H | | Grievance CA20838 |
| I | | Grievance CA20829 |
| J | | Grievance CA20717 |
| K | X | EDCF Sick Call |
| L | X | HCF Sick Call |
| M | X | Pulhex OMIS Medical Classification |
| N | X | Post Orders Restricted Housing Unit A-CH B-CH |
| O | | IMPP 12-120 Security and Control of Offender Personal Property |
| P | X | GO Use of Restraints |
| Q | | Chaplain's Records |
| R | | Mailroom tracking log |
| S | X | IMPP 12-103D Security and Control: Offender and Facility Searches |
| T | X | IMPP 12-111A Security and Control: Use of Force |
| U | | KAR 44-12-304 Disobeying Orders |
| V | | IMPP 10-110D Religious Programs |
| W | X | EAI Report of Investigation |
| X | X | HR Letters for Andrew Palm |
| Y | | IMPP 20-106 Administrative Segregation Review Board |

**FINDINGS OF THE KDOC**

**The Parties and Witnesses**

1.  Plaintiff Richard Grissom #33728 (Offender Grissom) is an offender in the custody of the KDOC and currently incarcerated at HCF in Hutchinson, Kansas.   He has convictions for Two Counts of First Degree Murder, Aggravated Kidnapping, Two Counts of Aggravated Burglary, Robbery, Forgery, Theft, and Giving a Worthless Check.  He is 59 years old, has been incarcerated for half his lifetime, and is currently serving 104-year sentence.   During his lengthy history with the KDOC, he has absconded from custody, been considered an extreme security risk, and has received multiple DR's for various institutional infractions.   (Exhibits A and F)

2.  Andrew Palm has been named as a Defendant in his individual and official capacities. He is a citizen of the State of Kansas and was employed with the KDOC at all times that form the basis for the Complaint and held the rank of CSI.  He was on shift and present for the UOF on 11/25/2017.  (Doc. #1, Exhibits B and W)

3.  Daniel Schnurr has been named as a Defendant in his individual and official capacities. He is a citizen of the State of Kansas and been employed with the KDOC since 1985. He was the Warden at EDCF and at HCF at all times relevant to the events in the Complaint.  He was not present during the UOF on 11/25/2017.  (Doc. #1, Exhibits B and W)

4.  Maria Bos has been named as a Defendant in her individual and official capacities.  She is a citizen of the State of Kansas and has been employed with the KDOC since 2000.

At the time of the events that form the basis of the Complaint, she was the Classification Administrator at EDCF.  She was not present during the UOF on 11/25/2017.  (Doc. #1, Exhibits B and W)

5.     Dustin Randolph has been named as a Defendant in his individual and official capacities.  He is a citizen of the State of Kansas and has been employed with the KDOC since 2006.  During the events that form the basis for the Complaint, he was a Unit Team Manager at EDCF.  He was not present during the UOF on 11/25/2017.  (Doc. #1, Exhibits B and W)

6.     Andrew Fuoss has been named as a Defendant in his individual and official capacities. He is a citizen of the State of Kansas and has been employed with the KDOC since 2010.  At the time of the events that form the basis for the Complaint, he held the rank of Unit Team Supervisor at EDCF.  He was not present during the UOF on 11/25/2017. (Doc. #1, Exhibits B and W)

7.     Patrick Mansfield has been named as a Defendant in his individual and official capacities. He is a citizen of the State of Kansas and has been employed with the KDOC since June 2009.   At the time of the events that forms the basis for the Complaint, he held the rank of Captain at EDCF.  He was on shift, but was not present for the UOF. (Doc. #1, Exhibits B and W)

8.     Abraham Loewen has been named as a Defendant in his individual and official capacities.  He is a citizen of the State of Kansas and has been employed with the KDOC since 2017.  At the time of the event that form the basis for the Complaint, he held the

rank of COI at EDCF.  He was not present during the UOF on 11/25/17.  (Doc. #1, Exhibits B and W)

9.      Jessica Link Davis has been named as a Defendant in her individual and official capacities.  She is a citizen of the State of Kansas and was employed with KDOC during the events that form the basis of the Complaint and held the rank of CSI.  She was not present during the UOF on 11/25/2017 and she has been dismissed as a Defendant from this lawsuit.  (Doc. #1, Doc. #10, Exhibits B and W)

10.     Tanner Gilley was a COI at EDCF but is no longer employed in that capacity.  He has not been named in the lawsuit as a Defendant.  He was on shift the day of the events that form the basis for the Complaint.  (Doc. #1, Exhibits B and W)

11.     Alex McCullough was a COI at EDCF but is no longer employed in that capacity.  He has not been named in the lawsuit as a Defendant.  He was on shift the day of the events that form the basis for the Complaint.  (Doc. #1, Exhibits B and W)

12.     Day Saisi was a COI at EDCF but is no longer employed in that capacity.  He has not been named in the lawsuit as a Defendant.  He was on shift the day of the events that form the basis for the Complaint. (Doc. #1, Exhibits B and W)

13.     Eric Shaver was serving as a Chaplain at EDCF during the time period the events occurred that form the basis for the Complaint.  (Doc. #1, Exhibit W)

14.     Herbie Harris is a Chaplain at EDCF and was serving in that capacity at the time of the events that form the basis of the Complaint.  (Doc. #1, Exhibit W)

**Chronology**

15.     On November 25, 2017, EDCF was placed on "lockdown" status due to the occurrence

        of multiple staff batteries in A Cell House.  (Exhibits B and W)

16.     CSI Andrew Palm was involved in a physical altercation with Offender Grissom which

        caused an "officer needs assistance" code to be called, which then elevated to additional

        responding staff.  (Exhibits B and W)

17.     Officers Andrew Palm, Tanner Gilley, and Alex McCullough were the responding

        officers and those primarily involved.  (Exhibits B and W)

18.     The event began at approximately 8:32 p.m. when CSI Palm was conducting a security

        check and observed Offender Grissom with a bag of green leafy substance in his cell

        inside of a white basket with other suspicious items. (Exhibits B and W)

19.     As a result of what he observed, Offender Palm had Offender Grissom's door opened

        and asked to see the bag of green leafy substance.  (Exhibits B and W)

20.     Offender Grissom initially refused and requested to see the Shift Captain.  This request

        was denied.  Offender Grissom was informed if the bag were something that he was

        supposed to have, he would be able to keep the item.  Offender Grissom eventually

        complied with the order handing over the bag.  He was subsequently ordered to hand

        over the basket as well.  (Exhibits B, D, and W)

21.     Offender Grissom again refused to comply and attempted to snatch the bag of green

        leafy substance out of CSI Palm's hands. (Exhibits B, D, and W)

22.    CSI Palm then placed the bag in his pocket and ordered Offender Grissom to turn around and cuff up. (Exhibits B, D, and W)

23.    Offender Grissom did turn around but refused to cooperate with being restrained, despite multiple direct orders.  When Offender Grissom turned around to face CSI Palm, an "officer needs assistance" code was called via radio. (Exhibits B and W)

24.    Offender Grissom turned around again but still refused to cooperate with being restrained, he became combative. (Exhibits B and W)

25.    CSI Palm then forced Offender Grissom into the cell attempting to place him against the wall. (Exhibits B and W)

26.    Offender Grissom knocked the restraints out of CSI Palm's hands, who then exited the cell and deployed chemicals to Offender Grissom's face.  (Exhibits B and W)

27.    CSI Palm then instructed Offender Grissom to back away.  Instead, Offender Grissom exited his cell, grabbed a hold of CSI Palm's upper body and punched him in the stomach. (Exhibits B and W)

28.    Offender Grissom then attempted to throw CSI Palm over the railing of the 2nd level tier, but CSI Palm resisted by striking Offender Grissom in the head and further deploying chemical agents into his face.  CSI Palm was exposed to chemicals in this process. (Exhibits B and W)

29.    CSI Palm then fell on the ground and Offender Grissom retreated to his cell.  CSI Palm then again deployed chemicals inside the cell and called a code for assistance.  Multiple officers responded and the situation was contained.  (Exhibits B and W)

30.     All staff injuries reported to be minor in nature and no further treatment was requested. (Exhibits B and W)

31.     Offender Grissom was cleared by medical staff and placed in Restrictive housing on OSR status.  (Exhibits B and W)

32.     An EAI investigation was conducted and determined that based off video evidence and testimony, CSI Palm escalated the situation by his poor decisions and lack of communication skills and that the amount of force applied was unnecessary under the circumstances.  (Exhibit W)

33.     Offender Grissom has claimed he was unable to comply due to his large wrists and that he had been approved for extra-large cuffs and CSI Palm was aware of this. However, the only documentation that supports Offender Grissom's claims about the cuffs, occurred well after the incident in question.   (Exhibits B, W, K, L, and M)

34.     As a result of the EAI investigation, CSI Palm received a three-day suspension, but was not terminated.  (Exhibit X)

35.     Offender Grissom received a DR related to this incident for Disobeying Orders, Battery, and Theft and was found guilty on all counts and the convictions were upheld on appeal and he received Segregation time as penalty.  (Exhibit D).

36.     Offender Grissom was sent to Segregation at HCF on January 29, 2018, following the conclusion of his disciplinary hearing.  (Exhibit F)

37.     Offender Grissom very rarely attended his Administrative Segregation Reviews which delayed his release back to general population.  (Exhibits G and E)

38.     Offender Grissom returned to general population at on June 26, 2018.  (Exhibit F)

39.     In March, 2019, Offender Grissom received a Disciplinary Report and conviction for fighting with two other offenders and was in possession of two weapons.  As a result, he was returned to Segregation.  (Exhibit F)

40.     Offender Grissom's status has been reviewed regularly and in accordance with KDOC policy regarding his placement in Segregation.  (Exhibits G and Y)

41.     Offender Grissom remains at HCF in Restrictive Housing on Other Security Risk/Special Management status.  (Exhibit F)

## SUMMARY AND CONCLUSION

Offender Grissom's incarceration history with the KDOC reflects that he has been placed in Segregation for a significant duration, in part due to his criminal history and in part due to his problematic behavior.

The Use of Force instituted against Offender Grissom on November 25, 2017 may have exceeded what was necessary to gain the offender's compliance.  The lapse in judgment coupled with the offenders aggressive and flippant disregard for authority likely exacerbated the situation.  However, it does not appear to have been a wanton infliction of pain on the offender.

Offender Grissom was found guilty of the disciplinary infractions related to this event, and his subsequent extended placement in Segregation was due to his DR convictions and maladaptive behavior.

Respectfully Submitted,

/s/      Joni Cole
Joni Cole #24798
1737 SE Highway 54
El Dorado, Kansas 67042
Phone: 316-322-2007
Fax: 316-322-2018
Email: Joni.Cole@ks.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Natasha Carter, Assistant Attorney General
Attorney General's Office
120 S.W. 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597

Jeff Cowger
Chief Legal Counsel
Kansas Department of Corrections
714 SW Jackson St., Suite 300
Topeka, Kansas 66603

I further certify I sent via United State Postal mailed a copy of the foregoing Martinez Report, with Exhibits A, B-pg. 33, D, E, F, G, H, I, J, L-pgs. 16 and 40, M, O, Q, R, U, V, and Y on the 24th day of September, 2020 to:

Grissom, Richard #33728
Hutchinson Correctional Facility
P.O. Box 1568
Hutchinson, Kansas 67504-1568

/s/ Joni Cole
Joni Cole