**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RICHARD GRISSOM,

     Plaintiff,

     v.

                            Case No. 19-3178-EFM-ADM

ANDREW J. PALM, *et al.*,

     Defendants.

## ORDER

This matter comes before the court on defendants' Motion to Stay Discovery and Related Rule 26 Activities. (ECF 43.)  Defendants Andrew J. Palm, Daniel Schnurr, Maria Boss,[1] Dustin Randolph, Andrew Fouss, Patrick Mansfield, and Abraham Loewen filed a motion to dismiss or, alternatively, for summary judgment on December 21, 2020.  They now request that the court stay all discovery and "related Rule 26 proceedings," including the obligation to provide initial disclosures, prepare the report of parties' planning meeting, and participate in a scheduling conference unless and until the court denies the pending dispositive motion. (ECF 43, at 1.)  Pro se plaintiff Richard Grissom has not responded to the motion, and the time to do so has passed. The court grants defendants' motion to stay discovery—both because it is unopposed and because defendants set forth reasons that warrant a stay.  The court denies defendants' request that the court stay all related Rule 26 deadlines to the extent that the referenced deadlines do not apply to this case and, although the court may impose Rule 26 deadlines in this case, it has not done so.

---

[1] Grissom's complaint refers to this defendant as Maria Bos.  For clarity, the undersigned adopts the spelling represented by the defendant herself.

## I.     Request to Stay Discovery

Federal Rule of Civil Procedure 26(d)(1) generally prohibits discovery until the parties have held a Rule 26(f) planning conference "except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)," which includes pro se actions brought by incarcerated individuals.  FED. R. CIV. P. 26(d)(1); FED. R. CIV. P. 26(a)(1)(B)(iv).  That provision applies to this case, as Grissom is both pro se and incarcerated.  Courts have construed the rule to mean that Rule 26(d)(1)'s prohibition on immediate discovery does not apply to these types of cases.  *See, e.g., Podkulski v. Doe*, No. 11-CV-102-JL, 2012 WL 1587063, at *1 (D.N.H. May 3, 2012) (discovery moratorium does not apply to cases exempted from initial disclosure requirements); *Awan v. U.S. Dep't of Justice*, No. CIV.A. 10-1100 BAH, 2011 WL 2836555, at *1 (D.D.C. July 13, 2011) (finding the Federal Rules did not bar early discovery in these types of cases but that early discovery was not desirable); *Sigers v. Bailey,* No. 08–13298, 2009 WL 1585831, at *1 (E.D. Mich. June 4, 2009) ("[I]n a prisoner case, the parties are generally able to seek discovery before a scheduling conference.").  So, although it appears no party has attempted to take discovery in this case yet, Rule 26(d)(1) would not bar them from doing so.  For that reason, defendants' motion to stay discovery is ripe for adjudication and should be granted.

This district's longstanding policy is not to stay discovery simply because a dispositive motion is pending.  *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).  A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Arnold v. City of Olathe, Kan.*, No. 18-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019).  Whether to grant

a stay of discovery is committed to the trial court's sound discretion. *See id.* (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

Grissom asserts claims under 42 U.S.C. § 1983 for alleged violations of his First and Eighth Amendment rights. Defendants' motion to dismiss raises multiple grounds for dismissal of all claims against all named defendants, including Eleventh Amendment and qualified immunity. (ECF 43 and 44.) Immunity from suit is a "broad protection" that grants government officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)) (discussing qualified immunity). A defendant is therefore generally entitled to have immunity questions resolved before being required to engage in discovery. *Arnold*, 2019 WL 2438677, at *2. Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (treating immunity as a threshold issue allows a court "to weed out suits . . . without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits").

Because defendants have raised Eleventh Amendment and qualified immunity, the court finds that a stay of discovery is appropriate to allow the defendants an opportunity to resolve these threshold issues before requiring them to participate in discovery. Moreover, defendants' motion also argues that Grissom fails to state a claim, and they argue that he has failed to allege any personal participation in the facts giving rise to those claims with respect to Defendants Schnurr, Mansfield, or Randolph. Given the numerous defendants and the posture of the case, it is likely that a ruling on the motion to dismiss would, at a minimum, significantly clarify issues in the case, thereby making discovery efforts more efficient. Moreover, it is not apparent that discovery would

bear on any issues raised in defendants' dispositive motion.  For these reasons, the court grants defendants' motion to stay discovery pending a ruling on their motion to dismiss.

## II.    Request to Stay Related Rule 26 Activities

Defendants also request that the court stay "related Rule 26 proceedings," including the obligation to provide initial disclosures, prepare a report of parties' planning meeting, or attend a scheduling conference.  But the Federal Rules of Civil Procedure and this district's local rules already exempt this case from these requirements.  *See* FED. R. CIV. P. 26(a)(1)(B)(iv); FED. R. CIV. P. 26(f)(1); *see also*  D. KAN. RULE 9.1(k) ("All cases filed by a prisoner are exempt from requirements under the Federal Rules of Civil Procedure that mandate a scheduling order. . . disclosure of information . . . and a planning meeting . . . ."); D. KAN. RULE 16.1(b)(2).  Although the court has latitude to impose these requirements as effective case-management tools, it has not done so here, and so a stay of nonexistent requirements is unwarranted.  *See Sperry v. Corizon Health, Inc.*, No. 18-3119-EFM-ADM, 2020 WL 5057584, at *4 (D. Kan. Aug. 27, 2020) (discussing the court's wide latitude in efficiently managing cases filed by pro se incarcerated plaintiffs); *see also* D. KAN. RULE 9.1(k) (noting that in exempt proceedings the court has discretion to impose any or all of the above-listed requirements).  If and when the court imposes any of these deadlines, defendants may file a renewed motion to stay these deadlines.

**IT IS THEREFORE ORDERED** that defendants' Motion to Stay Discovery and Related Rule 26 Activities  (ECF 43) is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated January 15, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge