FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 14, 2022**

Christopher M. Wolpert
Clerk of Court

———————————————

RICHARD GRISSOM,

    Plaintiff - Appellant,

v.

ANDREW PALM; DANIEL SCHNURR; MARIA BOS; DUSTIN RANDOLPH; ANDREW FUOSS; PATRICK MANSFIELD; ABRAHAM LOEWEN,

    Defendants - Appellees.

No. 21-3194
(D.C. No. 5:19-CV-03178-EFM-ADM)
(D. Kan.)

———————————————

**ORDER**

———————————————

Before **MATHESON**, **KELLY**, and **CARSON**, Circuit Judges.

———————————————

On June 16, 2022, this court ordered the parties to file memoranda "addressing whether Mr. Grissom had a full and fair opportunity to view the security video to assist him in preparing his opposition to the Defendants-Appellees' motion for summary judgment." Order at 3.

The State responded on June 23 that Mr. Grissom had watched the video under supervision and that he continues to have ongoing access to view the video. It also stated that "[a]lthough Mr. Grissom has previously viewed the video under supervision and has not requested another such viewing, the Kansas Department of Corrections (KDOC) has proactively arranged an additional supervised viewing for Mr. Grissom," on June 29,

2022. And it indicated that if he needed more viewing time, KDOC "would be happy to work with him to arrange additional supervised viewing times." Memorandum at 1.

Mr. Grissom's response is diametrically opposed. He filed two documents—one on June 30, apparently in response to this court's June 16 order, and the second on July 1, in response to the State's Memorandum. In the June filing, Mr. Grissom states (in the form of a declaration under penalty of perjury) "unequivocally that at no time was he ever provided the opportunity to view said video or any of the available videos germane to this incident," and that "he was denied the right to see said video or any of the other available videos displaying different angles of this incident." June 30 Response. And in his July 1 response to the State's Memorandum (again in the form of a declaration under penalty of perjury), he disputes the State's statement that he had previously viewed the video under supervision. He calls that statement "a blatant lie," and states that he "has never had the opportunity to view said surveillance video or any video germane to this incident." July 1 Response. He acknowledges that he was recently informed he would be permitted to view the video on June 29, which would be his "<u>first</u> time ever to see the surveillance video." *Id*.

The Defendants' motion for summary judgment and the district court's order granting that motion both rely heavily on the video. And as we stated in our June 16 order, the State's brief on appeal cites liberally to the video. Before we can decide this appeal, we must remand to the district court to determine whether Mr. Grissom viewed, or was provided an opportunity to view, the surveillance video before he responded to the State's motion for summary judgment.

If, as the State maintains, Mr. Grissom viewed the video before he was required to respond to the summary judgment motion, we will proceed to decide this appeal. But if, as Mr. Grissom maintains, he did not (and was not given an opportunity to) view the video before he was required to respond to the summary judgment motion, it may be necessary to remand the case with instructions to permit Mr. Grissom to file a new response to the summary judgment motion after he has had sufficient opportunity to view the video.

We remand this case to the district court to resolve whether Mr. Grissom viewed, or was given an opportunity to view, the video before he was required to file his response to the motion for summary judgment. This determination should extend to whether he was given an opportunity to view relevant video from different security cameras in the facility. We ask the district court to enter an order stating its findings within 30 days of the date of this limited remand order.

            Entered for the Court

            CHRISTOPHER M. WOLPERT, Clerk