IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD GRISSOM,

    *Plaintiff,*

vs.

    Case No. 19-3178-EFM

ANDREW J. PALM, *et al.*,

    *Defendant.*

**MEMORANDUM AND ORDER**

Plaintiff Richard Grissom alleges he was injured during a physical altercation with Defendant prison guards, and the Court has granted Defendants' summary judgment motion, in part based on video of the event. The matter is on appeal, and the Tenth Circuit has directed this Court to "to resolve whether Mr. Grissom viewed, or was given an opportunity to view, the video before he was required to file his response to the motion for summary judgment." In addition, this Court's findings should include "whether he was given an opportunity to view relevant video from different security cameras in the facility."

The existing pleadings do not resolve these issues. Defendants moved to dismiss or for summary judgment on December 21, 2020, and their brief cites the video as support for 16 facts. On three separate occasions,[1] Plaintiff moved for an extension of time to respond, citing either

---

[1] Docs. 49, 51, 53.

health reasons, his inability to visit the law library, or his desire to obtain affidavits from other inmates. Each motion to extend was granted. In none of these motions to extend, nor in his eventual Response to the Defendant's motions, does Plaintiff indicate he has not seen the video, or request access to the video. Had Plaintiff indicated a desire to access video of the incident, or suggested he had not seen the video, the Court would have directed and required that he receive such an opportunity.

The pleadings do not show whether prison authorities independently gave Plaintiff the opportunity to view the video. The Disciplinary Report attached to Plaintiff's response does indicate that during the disciplinary hearing, "Grissom stated[,] 'Watch the video," claiming it supported his version of events. However, this is equivocal, and may not indicate that Plaintiff had personally viewed the video. The report also states that the hearing officer had previously told Plaintiff that he (the hearing officer) had seen the video, and summarized what was on it. Therefore, Plaintiff may have simply cited the video based on second-hand information.

Defendants are hereby directed to supply, on or before August 2, 2022, evidence relating to the three issues identified by the Tenth Circuit: (1) whether Plaintiff actually viewed the video which they referenced in their motion to dismiss, (2) whether Plaintiff was given a opportunity to view that video, and (3) whether Plaintiff was given an opportunity to view video from other cameras which may have captured the event.

The Court takes judicial notice of the affidavits filed by Plaintiff with the Tenth Circuit, in which he states has not previously seen the video, and was in fact "denied the right to see said video or any of the other available videos displaying different angles of this incident."[2]  Plaintiff

---

[2] *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 275-76 n. 3 (2d Cir. 2021) (taking judicial notice of affidavits filed in other courts).

may supplement, on or before August 2, 2021, these affidavits with any additional evidence he may wish to submit.

**IT IS SO ORDERED**.

Dated this 15th day of July, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE